Roberts agt. Carter.

## SUPREME COURT.

### ROBERTS agt. CARTER.

The court, on appeal, will not interfere with the finding of a referee, on a question of fact, unless clearly against the weight of evidence, or in direct violation of some rule of law; and especially on a question of *fraud*, where there is evidence on both sides, and the point is not entirely free from doubt.

*New - York General Term, Dec.*, 1858.
APPEAL from a judgment on report of referee.

JOHN FITCH and GILBERT DEAN, *for plaintiff.*
E. T. RICE, *for defendant.*

By the court—DAVIES, Justice. We think this case is not before us in proper form. The report of the referee should have stated the facts found and the conclusions of law separately. (*Otis* agt. *Spencer*, 16 *N. Y. R.* 610 ; *Hunt* agt. *Bloomer*, 3 *Kernan*, 341 ; *Johnson* agt. *Wheelock, id.* 344.)

Assuming the referee had stated the facts correctly, we see what facts he has found, and with that finding we cannot interfere, unless clearly against the weight of evidence, or is in direct violation of some rule of law. (*Davis* agt. *Allen*, 3 *Coms.* 168; *Murfey* agt. *Brace*, 23 *Barb.* 561.)

The latter case enunciates a sound rule, and is directly applicable to the present case. It is that when the evidence, as in this case, is conflicting, it presents a fair question for the decision of the referee, and it is well observed that it is a most salutary rule that the decision of the referee upon a question of fact, *especially of* FRAUD, *where there is evidence on both sides*, and the point is not entirely free from doubt, cannot be disturbed.

The objections to the depositions of Potter and Smith, we think, are not tenable, as the proof was quite satisfactory to show that, when their depositions were admitted, there was every reason to suppose they were out of the state. Every reasonable effort had been made to find them, to subject them to the process of subpœna, and the proof was quite adequate to authorize the reading of their depositions.

The defendant sold to the plaintiff 84 cases of schnapps out on commission, and 139 in store, which the referee has found as a fact were sold by sample, and represented to be of a quality equal to Wolf's schnapps. That the plaintiff sold 205 of these cases, or some others made in accordance with the recipe, and how many does not clearly appear, and that the difference between the price obtained and that which would have been obtained, if the article had been of the quality represented, was $4 a case; and he allows to the plaintiff only on the 205 cases. We are unable to see why the referee did not allow for the 223 cases which were sold, and this would have increased the amount of his damages. We do not see that the defendant can complain of this.

Assuming the referee has found the facts correctly, we see no error in the rule of damages adopted by him.

As he has allowed no damages to the plaintiff, by reason of the recipe not proving what it was represented, it is unneces-

sary to consider what was the effect and character of the representations of the defendant (if any) in respect to it.

The judgment should be affirmed, with costs.

Justices CLERKE and SUTHERLAND concurring.